**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO. 1:26-cv-21639-KMM

RICKY LOTT, HOLLY HUGHES, TATYANA
MALENKOVICH, AMY HAWKINS,
RANDALL BRINK, and JULIE DELIS,
*individually and on behalf of all others similarly*
*situated*,

                                    Plaintiffs,

v.

HEALTH GORILLA, INC.,

                                    Defendant.

_____/

**DEFENDANT HEALTH GORILLA, INC.'S MOTION TO STAY ALL PROCEEDINGS**
**PENDING RULING ON PETITION FOR TRANSFER OF ACTIONS PURSUANT TO 28**
**USC § 1407 FOR COORDINATED OR CONSOLDIATED PRETRILA PROCEEDINGS**

Defendant Health Gorilla, Inc. ("Defendant"), by and through its undersigned attorneys,

respectfully moves this Honorable Court for an order staying all proceedings pending the United

States Judicial Panel on Multidistrict Litigation's ("Panel") decision on whether to centralize the

Related Actions for coordinated or consolidated pretrial proceedings.

## I.  BACKGROUND

On March 12, 2026, Plaintiff Ricky Lott filed his Class Action Complaint and shortly

thereafter four additional data breach class action complaints were filed in the Southern District of

Florida. On April 21, 2026, this Court entered an Order appointing Interim Class Counsel,

consolidating actions, and setting a briefing schedule for the filing of a consolidated class action

complaint. (ECF No. 27). On May 20, 2026, Plaintiffs filed the Consolidated Class Action

336644518v.1

Complaint. (ECF No. 50). In addition, six other data breach class action complaints arising from one common nucleus of facts were filed against Defendant Health Gorilla and/or other defendants in three other district courts as follows:

**Central District of California**

- *Steven Patterson v. UVA Health, Epic Systems Corporation, Health Gorilla, and Mammoth Path Solutions, LLC,* Case No. 2:26-cv-01938 (C.D. Cal.) (February 23, 2026) (filed 2/23/2026)

- *Edward Fox and Suzanne Bryan v. Epic Systems Corporation, Reid Hospital & Health Care Services, Inc., Health Gorilla, Inc., and Mammoth Path Solution, LLC,* Case No. 2:26-cv-04678-FMO-MAR (C.D. Cal.) (filed 4/30/2026)

**Eastern District of Michigan**

- *Jeffrey S. Jackson v. Trinity Health Corporation and Health Gorilla Inc.,* Case No. 4:26-cv-10948-SDK-KGA (E.D. Mich.) (filed 3/20/2026)

- *Justina Pabon v. Trinity Health Corporation and Health Gorilla, Inc.,* Case No. 4:26-cv-10989-LJM-CI (E.D. Mich.) (filed 3/24/2026)

**Western District of Wisconsin** [1]

---

[1] While Health Gorilla is not a named defendant in the Wisconsin cases, they arise from the same Data Breach, include the same legal theories, and assert the same overlapping nationwide class as in the Related Action. As with the other Related Actions, these actions also rely on the same allegations set forth in *Epic Systems Corporation, et. al. v. Health Gorilla, Inc., et. al.*, 2:26-cv-00321 (C.D. Cal.) (filed 1/13/2026) and include virtually identical allegations about Epic's Health Information Exchange and the Role of Health Gorilla. For example, *compare* Bahn Complaint, ¶¶ 34-38 (Case No. 3:26-cv-00216-amb, Doc No. 1); Beaudreau Complaint, ¶¶ 34-38 (Case No. 3:26-cv-00216-amb, Doc No. 1) *with* Fox Complaint, ¶¶ 39-43 (Case No. 2:26-cv-04678-FMO-MAR, Doc No. 1).

336644518v.1

- *Pricilla Banh v. Epic Systems Corporation and UCSF Health Community Hospitals*, Case No. 3:26-cv-00216-amb (W.D. Wis.) (filed 3/13/2026)

- *Edgar Beaudreau v. Epic Systems Corporation and UMass Memorial Health Care, Inc.*, Case No. 3:25-cv-00215-amb (W.D. Wis.). [2]

All of the above referenced actions ("Related Actions") allege unauthorized disclosure of certain patient records to certain third-parties for which Health Gorilla had granted them access into healthcare interoperability systems ("Data Breach"), as identified by Epic Systems Corporation ("Epic") in its lawsuit, *Epic Systems Corporation, et. al. v. Health Gorilla, Inc., et. al.*, 2:26-cv-00321 (C.D. Cal.), which was filed on January 13, 2026. All actions stem from the same nucleus of facts, include the same or similar causes of action, and assert the same overlapping nationwide class.

Defendants' counsel has spent the last few weeks communicating with counsel for the Plaintiffs in the Related Cases to determine whether they would voluntarily transfer the existing cases to one court for consolidation. As of today, not all Plaintiffs are willing to do so, and it is unknown how many more cases may be filed in other district courts and, therefore, Defendant has been and will continue to be subjected to litigation in multiple jurisdictions.

As such, Defendant is petitioning the Panel for the transfer of these Related Actions to this Court pursuant to 28 U.S.C. § 1407 for coordinated or consolidated pretrial proceedings.[3] Defendant respectfully requests that this Court stay all proceedings under this Court's inherent

---

[2] This action was voluntarily dismissed on April 30, 2026, and, therefore, is not included in the Schedule of Actions.

[3] A file-stamped copy of Health Gorilla's MDL Motion, Memorandum of Law in Support, and Schedule of Related Actions are submitted as Exhibit 1.

3

authority to manage its docket pending the Panel's determination as to whether to centralize the Related Actions.

## II. ARGUMENT

A stay would ensure that the parties do not needlessly expend resources litigating matters that could be obviated by the centralization of the Related Actions for coordinated or consolidated pretrial proceedings. Federal district courts have wide discretion to stay proceedings and discovery "to protect a party from annoyance, oppression, or undue burden or expense." *Solar Star Sys., LLC v. Bellsouth Telecomms., Inc.*, No. 10-21105-CIV, 2011 WL 1226119, at *1 (S.D. Fla. Mar. 30, 2011) (citing Fed. R. Civ. P. 26(c)); *see also Landis v. N. Am.Co.*, 299 U.S. 248, 254 (1936); *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (federal courts have the well-established power to stay proceedings that is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *CTI-Container Leasing v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982). "A stay of discovery is appropriate where the movant shows good cause and reasonableness." *Tradex Glob. Master Fund SPC Ltd. v. Palm Beach Capital Mgmt., LLC*, No. 09-21622-CIV, 2009 WL 10664410, at *1 (S.D. Fla. Nov. 24, 2009). "So long as a stay does not prove 'immoderate' – that is to say, too long, too indefinite, or without proper justification – the decision to stay is bounded only by the district court's discretion." *See Gray v. Target Corp.*, No. 13-62769-Civ, 2014 WL 12600138, at *1 (S.D. Fla. Jan. 27, 2014) (*citing Ortega Trujillo v. Conover & Co. Commc'ns, Inc.,* 221 F.3d 1262, 1264); *see also Landis*, 299 U.S. at 254 (holding that whether and how a stay should issue "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.").

336664518v.1

Where a multi-district litigation proceeding has been established, courts have routinely stayed motions pending rulings by the JPML. *See Morris v. Change Healthcare,* 2025 U.S. Dist. LEXIS 28935 (M.D. Fla. 2025); *Stanton v. Wells Fargo & Co.*, No. 8:16-cv-3318-T36JSS, 2017 WL 3701143, at *1 (M.D. Fla. Jan. 23, 2017); *Bonenfant v. R.J. Reynolds Tobacco Co.*, No. 07-60301-CIV, 2007 U.S. Dist. LEXIS 65614, 2007 WL 2409980, at *1 (S.D. Fla. July 31, 2007) (noting "[i]t is common practice for courts to stay an action pending a transfer decision by the JPML" and explaining that this "increase[s] efficiency and consistency) first citing *Republic of Venez. v. Philip Morris Cos.*, No. 99-0586-Civ., 1999 U.S. Dist. LEXIS 22742, 1999 WL 33911677, at *1 (S.D. Fla. Apr. 28, 1999); then quoting Manual for Complex Litigation 22.35 (4th ed. 2004)). "[A] majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate if pending with the MDL Panel because of the judicial resources that are conserved." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997).

When determining whether to stay a case pending a motion to the JPML to transfer and consolidate, courts consider three factors: (1) potential prejudice to the non-moving party; (2) potential prejudice to the moving party if the stay is not granted; and (3) conservation of judicial resources. *Ali v. 7-Eleven, Inc.*, 2022 U.S. Dist. LEXIS 45146 (S.D. Fla. Mar. 9, 2022); *Jozwiak v. Stryker Corp.*, No. 6:09-cv-1985-Orl-19GJK, 2010 U.S. Dist. LEXIS 8103, 2010 WL 147143, at *2 (M.DS. Fla. Jan. 11, 2020); *see also Royal Park IOnvs.SA/NV v. Bank of Am.Corp.*, 941 F. Supp.2d 367, 372 (in considering a motion to stay, courts consider "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests

5

of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.").

After application of the above factors, and consistent with their inherent powers, courts almost invariably stay proceedings and defer consideration of pending motions where, as here, the action might be centralized for coordinated proceedings in an MDL. *See, e.g., Royal Park*, 941 F. Supp. 2d at 370.[4] The rationale is straightforward. If the Panel grants the transfer motion, the assigned MDL judge can rule on any pending motions presenting the same issue, along with all other pretrial matters, thereby preserving judicial resources, ensuring consistent decision, and avoiding the risk of inconsistent litigation. We ask the same be done here.

First, Health Gorilla will suffer significant hardship absent a stay. As the Panel has held repeatedly, the central goal of the MDL is to consolidate actions in a single court to "substantially reduce the risk of duplicative discovery, minimize the possibility of inconsistent pretrial obligations, and prevent conflicting rulings on pretrial motions." *In re Nat'l Prescription Opiate Litig.*, 290 F. Supp. 3d 1375, 1379 (J.P.M.L. 2017). Allowing this case to proceed on separate tracks would frustrate these goads, forcing Health Gorilla to litigate the same issues in another, potentially unnecessary forum, and materially complicating efforts to coordinate and streamline

---

[4] *See also* Manual Complex Lit. 22.35 (4th ed.) ("A stay pending the Panel's decision can increase efficiency and consistency, particularly when the transferor court believes that a transfer order is likely and when the pending motions raise issues likely to be raised in other cases as well."); *Good v. Altria Group, Inc.*, 624 F. Supp. 2d 132 136 (D. Me. 2009) ("to the extent the Court can predict the JPMDL's transfer decision, this action appears a good candidate for transfer and coordination or consolidation under 1407, and therefore a good candidate for a brief stay pending a decision").

discovery across other similar cases. *See Animal Sci. Prods. v. Hebei Welcome Pharm. Co. Ltd.*, Civil Action No. CV-05-454 (DGT), 2005 U.S. Dist. LEXIS 38214, at *2 (E.D.N.Y. Dec. 22, 2005).

Second, there is no prejudice to plaintiffs in light of the relatively early procedural posture of this proceeding. *See Rosenfeld v. Hartford Fire Ins. Co.*, No. 88-CV-2153, 1988 U.S. Dist. LEXIS 4068 at *4 (S.D.N.Y. May 12, 1988) (staying the case pending a decision by the JPML because, "[w]hile [plaintiffs] may suffer some initial delay, once the cases are coordinated … more time may well be saved than was lost."). Here, the parties have not yet exchanged initial disclosures and there has been no preliminary conference.

Third, granting a stay in this case will conserve judicial resources, prevent duplicative litigation, and ensure uniform adjudication. Courts routinely recognized "that stays pending transfer will also conserve judicial resources, one of the fundamental goals of multidistrict litigation practice." *Royal Park*, 941 F. Supp. 2d at 373 (internal citations and quotations omitted); *Richie Capital Mgmt., LLC v. GE Capital Corp.*, 87 F. Supp. 3d 463, 471 (S.D.N.Y. 2015) ("[A] stay serves the judicial and public interest in letting the JPML decide if the interests in efficiency and economy favor consolidation and transfer."); *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

Here, a stay would conserve judicial resources and maximize efficiency for both the litigants and the Court. If the Panel consolidates the Related Actions and transfers them to the appropriate federal district court, the transferee court will need to consider numerous issues, including pretrial scheduling, and discovery for the entire litigation. It makes more sense to wait

7

until all actions are included before proceeding with litigation. *See Royal Park*, 941 F. Supp. 2d at 372 (S.D.N.Y. 2013) ("If the instant cases are not stayed pending a decision on transfer by the JPML, Defendants may face the risk of inconsistent pre-trial rulings"); *Animal Sci. Prods*., 2005 U.S. Dist. LEXIS 38214 at *2 ("[A]ny decisions made before the MDL Panel rules on the transfer application could be contradicted by another court or might need to be re-litigated."); *Specrite Design, LLC v. Elli N.Y. Design Corp.,* 2017 U.S. Dist. LEXIS 113416, at *12 (S.D.N.Y. July 20, 2017) ("[T]o let this action go forward without a stay would lead to unnecessary litigation that is time-consuming tor this Court and for the parties.").

Finally, the interests of the public and persons not parties to this litigation weigh in favor of a stay. There are other plaintiffs across the country litigating the same issues underlying this matter. These individuals would benefit from one centralized court deciding these issues, rather than referring to multiple and potentially contrasting decisions across jurisdictions.

In sum, each of the relevant factors counsel in favor of granting the Motion and entering a stay.

**III. CONCLUSION**

WHEREFORE, Defendant Health Gorilla, Inc., respectfully requests that this Honorable Court enter an order staying these proceedings pending the Panel's decision on its MDL petition to transfer of the Related Actions to this Court pursuant to 28 U.S.C. § 1407 for coordinated or consolidated pretrial proceedings.

Dated: May 27, 2026.                                Respectfully submitted,

*/s/ John Y. Benford*
John Y. Benford, Esquire
Florida Bar No. 51950
John.Benford@wilsonelser.com

8

Alyssa.Heitman@wilsonelser.com
Danielle.Weisman@wilsonelser.com
Julia G. Young, Esquire
Florida Bar No. 94334
Julia.Young@wilsonelser.com
Susan.Baughman@wilsonelser.com
Health.Sadusky@wilsonelser.com
111 North Orange Avenue, Suite 1200
Orlando, Florida 32801
Telephone: (407) 203-7599
Facsimile: (407) 203-7599
Facsímile: (407) 648-1376

Attorneys for Defendant,
Health Gorilla, Inc.

## LOCAL RULE 7.1(a)(3) CERTIFICATE

Pursuant to Local Rule 7.1(a)(3), I hereby certify that the undersigned counsel has made a reasonable effort to confer with counsel for Plaintiffs regarding the relief sought in the motion, but the parties were unable to reach an agreement.

*/s/ John Y. Benford*
John Y. Benford

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 27, 2026, a true and correct copy of the foregoing was filed using the CM/ECF system which will send a notice of electronic filing to all counsel or parties on the service list.

*/s/ John Y. Benford*
John Y. Benford

9

336644518v.1